## REED v. RITCHEY.

An agent employed to demand from an executor an account, to receive any money coming to his principal, and to effect a partition, &c., takes from the executor, for a large portion of the share of his principal, notes and obligations of third persons, and the principal afterwards receives the notes and obligations from the agent, settles with him for his services, collects a part of the notes, and makes no complaint, nor gives any notice, to the agent, of an intention to hold him liable during three years: *Held*, that these facts, coupled with that

of his having instituted a suit against the executor and her co-heirs, charging them with having combined to defraud her by imposing upon her worthless claims as cash, will amount to a ratification of the acts of the agent, and exonerate him from responsibility.

APPEAL from the District Court of Avoyelles, *Cushman*, J. *Taylor* and *Swayze*, for the plaintiff. *Edelen* and *Waddell*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. In 1841, the plaintiff gave defendant her power of attorney to represent her in the settlement of the succession of *Letitia Jones*, authorising him to demand an account of the executor, and to receive and receipt for any monies, effect partition, &c. In December, 1841, the agent gave the executor a receipt for $560. as in full for his constituent's portion of the estate. Of this amount, however, it appears that in fact but $60 was received in cash, the residue being paid to the agent in the notes and obligations of sundry persons then due. These notes and obligations remained in the attorney's hands for about two years, when the attorney handed them to the principal, stating that he could make no collections upon them; and not being able to agree about the amount of compensation for his services, they referred the matter to arbitration. The plaintiff collected one of the claims, and put the other into the hands of an attorney at law for suit, but did not succeed in effecting any further collection. About two years after receiving the notes and obligations from the defendant, the plaintiff instituted a suit against the executor of *Letitia Jones*, who was also a co-heir with the plaintiff, and against certain other co-heirs, alleging that they had combined to defraud her, by putting off upon her worthless claims as cash, for her share of the succession. The uncollected notes and obligations which she had received from *Ritchey*, were annexed to her petition. The amount claimed was $389. This suit, however, was not prosecuted; and, about two or three years afterwards, to wit, in December, 1846, the plaintiff brought the present action, in which she claims from the defendant the sum of $500. It does not appear that any complaint was made to the defendant at the time when he settled with the plaintiff by delivering the notes and claims, nor that any notice of her inability to collect them was given to him, or of her intention to hold him responsible, until this action was brought. The debtor of these uncollected claims has been dead for some years, and his succession is insolvent.

There is no proof in the record of any bad faith on the part of the agent, nor is it charged in the pleadings. It is questionable whether, under the power of attorney, the agent had a right to receive the claims; and the delay in handing them over to his principal is, in itself, in the absence of any satisfactory explanation, indicative of negligence. If he was engaged during the interval in endeavoring to collect them, it should have been proved. If the plaintiff had refused to receive the claims from the agent, and thrown the liability upon him, we are not prepared to say that he could have exonerated himself. But the conduct of the plaintiff in receiving the claims, settling with the agent for his services, collecting a portion of them, and making no complaint and giving no notice to the defendant, during an interval of three years, coupled with the allegations in her suit against the executor and co-heirs, amount in law to a ratification of the agent's conduct, and exonerate him from liability.

It is therefore decreed that the judgment of the court below be reversed, and that there be judgment for the defendant, with costs in both courts.